USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/28/09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
BARRY BRODSKY, individually and on
behalf of others similarly situated,

                    Plaintiff,
                                                MEMORANDUM and ORDER
          - against -                           09 Civ. 5328 (NRB)

MATCH.COM LLC, et al.,

                    Defendants.
----------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

The instant motion relates to a purported class action brought by plaintiffs,[1] former subscribers of Match.com, the online dating website, against defendants Match.com LLC ("Match") and IAC/InterActiveCorp ("IAC") alleging various causes of action arising from plaintiffs' experience with the Match.com website and service. Plaintiffs' claim to have suffered harm owing to, inter alia, Match's allegedly misleading distinction between "users" and "subscribers" and the (in)ability of each to communicate with the other via email on the Match website. Plaintiffs allege causes of action under RICO, New York's deceptive practices and false advertising statutes, and common law claims for breach of the covenant of

---

[1] Although no class has been certified in this action, we refer to the purported class of plaintiffs in the plural throughout this opinion.

good faith and fair dealing, fraud, fraudulent inducement, negligent misrepresentation, and breach of contract.

The Complaint in this action, naming Sean McGinn as lead plaintiff, was originally filed on June 6, 2009 and was amended on July 13, 2009. Defendants' instant motion to dismiss the Amended Complaint was filed on August 12, 2009. Owing to Mr. McGinn's desire to terminate his association with this litigation, however, plaintiffs were granted leave to file a Second Amended Complaint, which was filed on September 9, 2009, naming Barry Brodsky as new lead plaintiff. The caption has been changed to reflect this second amended pleading, which, the parties agreed, would not affect the substance of defendants' August 12, 2009 motion.

Although defendants' motion was otherwise fully briefed by September 23, 2009, the parties exchanged letters, dated October 9 and October 12, 2009, regarding plaintiffs' anticipated request to amend their pleading to add additional New York statutory claims. Our response to these letters was reserved pending analysis of defendants' instant motion -- namely, their motion to dismiss or, alternatively, to transfer this action to Texas pursuant to the forum selection clause in Match's Terms of Use Agreement ("User Agreement").[2]

---

[2] Recognizing that the Second Circuit has not designated a single procedural mechanism under Rule 12(b) of the Federal Rules of Civil Procedure through which a party must request dismissal based on a forum selection

2

For purposes of this motion, only brief factual background is necessary.[3] Prior to continuing and completing Match's subscription and payment process, each subscriber to Match.com, including Brodsky and other putative class plaintiffs, must check a box on the website affirming "I agree to the Match.com terms of use," which statement is hyperlinked to a complete copy of the 11-page User Agreement. (Cuti Decl. Ex. 2; id. Ex. 1 at 11.) The first paragraph of the User Agreement states: "If you object to anything in this Agreement or the Match.com Privacy Policy, do not use the Website or the Service." (Id. Ex. 1 at 1.) The User Agreement also includes the following choice of law and forum selection clause:

> **23. Jurisdiction and Choice of Law.** If there is any dispute arising out of the Website and/or the Service, by using the Website, you expressly agree that any such dispute shall be governed by the laws of the State of Texas, without regard to its conflict of law provisions, and you expressly agree and consent to the exclusive jurisdiction and venue of the state and federal courts of the State of Texas, in Dallas or Collin County, for the resolution of any such dispute.

(Id. at ¶ 23.)

---

clause, see Asoma Corp. v. SK Shipping Co., Ltd., 467 F.3d 817, 822 (2d Cir. 2006), defendants bring the instant motion both as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and as a motion to dismiss (or to transfer) for improper venue pursuant to Rule 12(b)(3). (Mem. at 4 n.6.) Because the waiveability of Rule 12(b)(3) defenses promotes more efficient resolution of forum selection questions in litigation, see, e.g., 17 MOORE'S FEDERAL PRACTICE § 111.04[3][b] (3d ed. 2008), and because the parties have invoked Rule 12(b)(3) as well as Rule 12(b)(1), we analyze defendants' motion under Rule 12(b)(3).

[3] The facts relevant to the forum selection clause of the User Agreement are not in dispute. These facts are drawn from the pleadings and exhibits submitted by the parties, as is appropriate when considering a Rule 12(b)(3) motion.

3

For the reasons discussed more fully below, we enforce the forum selection clause and grant defendants' motion insofar as it seeks transfer of the case. Defendants' motion to dismiss is denied since, in the interests of justice and as noted in the papers of both parties, the case may be transferred to the Northern District of Texas. In addition, as noted below, we deny plaintiffs' anticipated application to further amend their complaint, since such amendment would be futile.

**DISCUSSION**

## I. Enforceability of the Forum Selection Clause

Determining whether a forum selection clause is enforceable requires a three-part inquiry. Phillips v. Audio Active Ltd., 494 F.3d 378, 383 (2d Cir. 2007). The Court inquires whether the clause was reasonably communicated to the party resisting enforcement, whether the clause is mandatory or permissive, and then whether the claims involved are subject to the clause. Id. If these three threshold requirements are met, then the clause is presumptively enforceable. Id.

The plaintiff may rebut the presumption of enforceability by making a strong showing either that enforcement would be "unreasonable or unjust" or "that the clause was invalid for such reasons as fraud or overreaching." Id. (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972) ("The Bremen")). However, the Second Circuit has a "'strong policy' of enforcing

4

forum selection agreements." Roby v. Corporation of Lloyds, 996 F.2d 1353, 1361 (2d Cir. 1993); TSR Silicon Res., Inc. v. Broadway Com. Corp., No. 06 Civ. 9419(NRB), 2007 WL 4457770, at *4 (S.D.N.Y. Dec. 14, 2007). Accordingly, exceptions to the presumption of enforceability are narrowly construed. In Roby v. Corporation of Lloyd's, the Second Circuit discussed four such instances where enforcement of a forum selection clause would be unreasonable: "(1) if incorporation [of the clause] into the agreement was the result of fraud or overreaching; (2) if the complaining party will for all practical purposes be deprived of his day in court, due to the grave inconvenience or unfairness of the selected forum; (3) if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) if the clauses contravene a strong public policy of the forum state." Id. at 1363 (quoting The Bremen, 407 U.S. at 15).

In this case, when evaluated in light of the factors noted above, it is clear that the forum selection clause in Match's User Agreement is reasonably communicated and mandatory, and that it covers the claims involved here -- i.e., it is presumptively enforceable. Indeed, plaintiffs' opposition does not press arguments to the contrary. Rather, plaintiffs' argue that they have made the "strong showing" of exceptional circumstances required to rebut the presumption of

enforceability. Although we will consider each of plaintiffs' arguments in turn, we ultimately find all of their arguments unpersuasive and insufficient to override the presumption of enforceability and policy favoring enforcement of the forum selection clause.

### A. Fraud or Overreaching

First, plaintiffs argue that the forum selection clause is overreaching because the clause is part of a contract of adhesion between parties with unequal bargaining power. (Opp. at 3.) Plaintiffs' argument cannot withstand scrutiny in light of Supreme Court authority and case law in this Circuit, which makes clear that a forum selection clause is not unenforceable even if it appears in a contract of adhesion, Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-95 (1991), including so-called "click wrap" contracts, such as the one plaintiffs entered into here, where parties manifest assent by clicking on an icon, Person v. Google, 456 F. Supp. 2d 488, 496-497 (S.D.N.Y. 2006); ESL Worldwide.com, Inc. v. Interland, Inc., No. 06-CV-2503(LBS), 2006 WL 1716881, at *2 (S.D.N.Y. June 21, 2006).[4]

---

[4] The single case plaintiffs cite in support of their argument on this score, Jelich v. Warner Bros., Inc., No. 95 CIV. 10016(LLS), 1996 WL 209973 (S.D.N.Y. Apr. 30, 1996), is inapposite since the court in Jelich held that a forum selection clause in an employment contract was unenforceable because the plaintiff was presented with the contract fourteen years after her employment had begun and the employer had coerced her into signing the contract. Id. at *2. In addition, we note that the plaintiff in Jelich was

6

Plaintiffs further argue, without citing any supporting authority, that the clause is "tainted by fraud" -- not because the forum selection clause itself was included as the result of fraud, but because the entire User Agreement was, they claim, the result of fraudulent inducement, a contention asserted in the Amended Complaints. (Opp. at 3-4.) However, general allegations that the contract as a whole was tainted by fraudulent inducement are insufficient to invalidate a forum selection clause where, as here, a plaintiff has not alleged fraudulent inducement with respect to the forum selection clause itself. Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.14 (1974); Person, 456 F. Supp. 2d at 494; Mercury West A.G., Inc. v. R.J. Reynolds Tobacco Co., No. 03 Civ. 5262(JFK), 2004 WL 421793, at *4 (S.D.N.Y. Mar. 5, 2004). Were the law otherwise, plaintiffs could easily thwart the parties' reasonable expectations regarding forum selection simply by alleging fraud in their complaint.

### B. Deprivation of Plaintiffs' Day in Court

Plaintiffs claim that enforcement of the Texas forum selection and choice of law clause would deprive them of their day in court because Texas' consumer protection statute is supposedly weaker than New York's, has a shorter statute of

---

proceeding pro se and thus, unlike plaintiffs' here, could not rely on the ability of counsel to travel to pursue the litigation in the forum selected by the contract. See Effron v. Sun Line Cruises, Inc., 67 F.3d 7, 10-11 (2d Cir. 1995).

limitations than New York's, and, in contrast to New York law, requires a finding of willfulness before an award of treble damages can be assessed. However, none of these arguments is sufficient to amount to a "deprivation of remedy" under the Roby analysis.

Indeed, in Roby itself, the Second Circuit rejected a similar argument, reasoning that "it is not enough that the foreign law or procedure merely be different or less favorable than" that of the forum in which plaintiffs brought their claims. 996 F.2d at 1363, 1366. Notably, of the eight causes of action in plaintiff's amended pleadings, only two[5] arise under New York's consumer protection laws. Thus, even assuming Texas consumer protection law is less favorable to plaintiffs, there are still ample remedies available in a district court in Texas.[6]

Similarly, that the applicable statute of limitations for certain claims may be shorter in Texas cannot, as plaintiffs contend, render the forum selection clause unenforceable. The shortened statute of limitations would, by plaintiffs' own admission, affect only certain members of the purported class. (Opp. at 6.) Furthermore, even an expired limitations period in

---

[5] As discussed below, that plaintiffs have also signaled their intention to seek leave to amend their complaint a third time to assert violations of the New York Dating Services Law does not change the analysis here.

[6] Plaintiffs additional arguments that enforcing the forum selection clause would "exonerate a culpable defendant," "absolve" them of wrongdoing, and, therefore, the clause was created in bad faith, are wholly unpersuasive. Plaintiffs' suggested standard misstates the law and would presume a merits analysis that is both inappropriate and unnecessary when assessing the enforceability of a forum selection clause.

8

the selected forum would be insufficient to render the clause unenforceable. As courts in this Circuit have recognized, accepting plaintiffs' statute of limitations argument would "create a large loophole for the party seeking to avoid enforcement of the forum selection clause [who could] simply postpone [his] cause of action until the statute of limitations has run in the chosen forum and then file [his] action in a more convenient forum." New Moon Shipping Co. v. MAN B&W Diesel AG, 121 F.3d 24, 33 (2d Cir. 1997); see also Kelso Enterprises Ltd. v. M/V Diadema, No. 08 Civ. 8226(SAS), 2009 WL 1788110, at *2 (S.D.N.Y. June 23, 2009) ("The Second Circuit has not directly ruled on whether the expiration of the statute of limitations in the forum selected by an enforceable forum selection clause would render enforcement of the clause unjust. However, courts in this district have overwhelmingly answered that question in the negative.") (citations omitted).

### C. The Public Policy and Laws of New York

Plaintiffs' additional arguments -- that the forum selection clause would contravene the public policy and laws of New York -- fare no better than the arguments already discussed. As a threshold matter, New York has a strong public policy of *enforcing* forum selection clauses so that parties are able to rely on the terms of the contracts they make. E.g., Micro Balanced Prods. Corp. v. Hlavin Indus. Ltd., 238 A.D.2d 284,

285, 667 N.Y.S.2d 1 (1st Dep't 1997). Plaintiffs advance no persuasive reason to depart from this well-established policy. Rather, they argue that the forum selection clause to which they assented would frustrate New York's policy of protecting its consumers, specifically in the context of New York's Dating Services Law, a statute plaintiffs raise for the first time in opposition to defendants' motion. (Opp. at 4.) However, courts have held that New York's interest in protecting its consumers and businesses does not override its policy of enforcing forum selection clauses. See, e.g., Luv2BFit, Inc. v. Curves Int'l, Inc., No. 06 CV 1541(CSH), 2008 WL 4443961, at *3 (S.D.N.Y. Sept. 29, 2008); Novak v. Tucows, Inc., No. 06-CV-1909(JFB)(ARL), 2007 WL 922306, at *12 (E.D.N.Y. Mar. 26, 2007), aff'd, 330 Fed. Appx. 204, 206 (2d Cir. 2009).

Moreover, and much like plaintiffs' fraudulent inducement argument, their arguments based upon New York's consumer fraud statutes, including their late-added argument that defendants' entire User Agreement is void and unenforceable for allegedly violating the New York Dating Services Law, General Business Law § 394-c, are insufficient to overcome the presumptive enforceability of the forum selection clause here.[7] The State of

---

[7] Notably, as Plaintiffs have sought to comply with this Court's individual practice by submitting what in essence is a surreply letter including a pre-motion request to amend their pleading, no motion to amend the pleading to add these claims is currently before this Court. However, insofar as plaintiffs have requested (implicitly by argument in their

10

New York no doubt has a great interest in protecting its consumers and in seeing its laws enforced. Yet plaintiffs cannot avoid compliance with the forum selection clause to which they validly assented simply by invoking a statute peculiar to the forum in which they filed suit (expressly in defiance of the forum selection clause). As the Second Circuit has explained, "[i]t defies reason to suggest that a plaintiff may circumvent forum selection . . . clauses merely by stating claims under laws not recognized by the forum selected in the agreement." Roby, 996 F. 2d at 1360. Like the court of appeals in Roby, we "refuse to allow a party's solemn promise to be defeated by artful pleading." Id.; see also id. at 1361 (agreement to

---

opposition papers and explicitly by letter submission after defendants' motion was fully briefed) to amend their complaint to assert violations of the New York Dating Services Law, see Hart Letter, Oct. 8, 2009, that anticipated motion to amend would be, and hereby is, denied. Under the circumstances, justice does not require granting leave to file the amended pleading as plaintiffs anticipate. Firstly, plaintiffs did not raise this substantive amendment when they recently requested leave to file a Second Amended Complaint, which was granted. In addition, for the reasons discussed elsewhere in this opinion, allowing plaintiffs to amend their pleading to add additional violations of New York statutes would not prevent enforcement of the forum selection clause, Roby, 996 F.2d at 1360, and would therefore be futile. See Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Even if plaintiffs *had* alleged a violation of § 394-c, such allegation would be insufficient to void the forum selection clause here. Roby, 996 F.2d at 1360. (Furthermore, although the following observation is not necessary to our futility analysis, given the dispositive issue of the forum selection clause, we note that defendants dispute plaintiffs' claimed violation of the New York Dating Services Law -- asserting that Match does in fact provide the required dating "Bill of Rights" to their New York users. (Reply at 8 n.7.))
    Plaintiffs' additional anticipated amendment, alleging that defendants violated the privacy of former lead plaintiff Sean McGinn, in violation of Section 394-c(5), likewise cannot overcome the forum selection clause and therefore leave to amend is denied for similar reasons. In addition, we note that McGinn is no longer a plaintiff here and new lead plaintiff Brodsky would presumably lack standing to assert this privacy claim on McGinn's behalf.

11

submit to the jurisdiction of the contractually selected forum must be enforced even if such agreement tacitly includes the forfeiture of some claims that could have been brought in a different forum).

It is perfectly reasonable and legitimate for Match -- in operating a website and service accessible to users anywhere in the country[8] -- to have decided that any disputes about its website and services should be litigated in Texas, the State in which it is headquartered and where all of its employees reside. Indeed, as a website and service provider, Match would appear to have no practical alternative than to include a forum selection and choice of law clause in its User Agreement, since otherwise Match could potentially be subject to suit in any of the fifty states arising from its website or service. Accordingly, because Match's forum selection clause meets the standard for presumptive enforceability under well-settled law and plaintiffs have failed to make the strong showing required to overcome that presumption, we shall give effect to the forum selection clause.

## II.  Enforcing the Contractually Selected Forum

Having determined that the forum selection clause is valid and enforceable, we must determine how best to enforce the forum selection clause -- since either dismissal without prejudice or

---

[8] In this connection, we also note that, in arguing for the importance of New York's consumer protection law and policy, plaintiffs seem to have ignore the fact that many of its purported class members are from states *other than* New York -- including California, Connecticut, Michigan, and Florida.

12

transfer may be appropriate. In this case, plaintiffs specifically requested transfer of venue to the Northern District of Texas, rather than dismissal, in the event that the forum selection clause were enforced. (Opp. at 8.) Such transfer would be consistent with the terms of the forum selection clause. In addition, defendants do not object to transferring the case to the Northern District of Texas as an alternative to the without-prejudice dismissal they would prefer. (See Reply at 10.) Under these circumstances, and particularly given that defendants do not press the issue, we find that transfer, rather than dismissal without prejudice, is in the interests of justice and will minimize unnecessary delay and inconvenience in a case that has already had a somewhat convoluted posture. In addition, we need not resolve the question of whether venue in this district was improper in the first instance since district courts have discretion to transfer cases under either 28 U.S.C. § 1406(a) or § 1404(a).

**CONCLUSION**

For the foregoing reasons, we find that the User Agreement's forum selection clause is valid and enforceable. Defendants motion to dismiss and/or to transfer for improper venue is granted. Under the circumstances, transfer of this case to the Northern District of Texas is preferable to

dismissal without prejudice. In addition, plaintiffs' anticipated motion to amend is denied.

The Clerk of the Court is respectfully instructed to transfer this case forthwith to the Northern District of Texas.

**SO ORDERED.**

Dated:   New York, New York
         October 28, 2009

　　　　　　　　　　　　　　　　　　　　　　　/s/ Naomi Reice Buchwald
　　　　　　　　　　　　　　　　　　　　　　　NAOMI REICE BUCHWALD
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

Counsel for Plaintiffs:
Norah Hart, Esq.
Treuhaft & Zakarin LLP
1011 Avenue of the Americas, 4th Floor
New York, NY 10018

Counsel for Defendants:
John R. Cuti, Esq.
Davis Wright Tremaine LLP
1633 Broadway, 27th Floor
New York, NY 10019